UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HPG, LLC,

    Plaintiff,

    v.

KATHRYN KERRIGAN,

    Defendant

Case No. C18-1872RSL

ORDER OF DISMISSAL

This matter comes before the Court on "Defendant's Motion to Compel Arbitration and Dismiss Plaintiff's Complaint and its Motion for Preliminary Injunction." Dkt. # 23. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

"[A]rbitration is a matter of contract" and "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." AT&T Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 648-49 (1986). Before a matter will be forced into arbitration, the Court must determine (a) whether a valid agreement to arbitrate exists and (b) whether a particular dispute falls within the scope of the agreement. United Steelworkers of Am. v. Warrior & Gulf, 363 U.S. 574, 582-83 (1960). Neither party challenges the validity of the agreement to

ORDER OF DISMISSAL - 1

arbitration in the context of this motion. The Court therefore turns to whether the dispute falls within the scope of the parties' agreement.

> **6.5** <u>**Arbitration.**</u> Any controversies or claims arising out of or relating to the Employment Agreements or to Employee's employment with [plaintiff's subsidiary] shall be fully and finally settled by arbitration under the auspices of Judicial Dispute Resolution. The arbitration shall be conducted in King County, Washington, by one arbitrator either [sic] mutually agreed upon by [plaintiff's subsidiary] and Employee. Each party shall bear his, her, or its own costs and expenses of any such proceeding, except that the arbitrator shall retain the discretion to award attorney's fees to the prevailing party. Judgment upon the award rendered by the arbitrator may be entered in any court of competent jurisdiction. Notwithstanding anything herein to the contrary, nothing in this Agreement shall preclude Employee or [plaintiff's subsidiary] from seeking injunctive or other immediate legal protection or relief where in such party's sole opinion the absence of such relief or protection would cause irreparable harm to such party. Either party may serve a demand for arbitration upon the other within the statute of limitation period that would otherwise apply if the action were filed in court.

The Employee Confidentiality Agreement defendant was required to sign when she began working for plaintiff includes the following provision:

Dkt. # 20-1 at 6. The promise to arbitrate applies to any claims or controversies arising out of defendant's employment and clearly encompasses the breaches of the Employee Confidentiality Agreement alleged in this case.[1]

Plaintiff does not oppose dismissal of its claims in favor of arbitration, but argues that the Court should first resolve its pending motion for preliminary injunction. Plaintiff has taken the position that the use of the word "notwithstanding" in the sentence regarding injunctive relief means that requests for preliminary relief do not fall within the

---

[1] The Court assumes, for purposes of this motion, that plaintiff has standing to pursue the contractual rights of its subsidiary.

ORDER OF DISMISSAL - 2

scope of the agreement to arbitrate. The Court disagrees. Using general state-law principles of contract interpretation (<u>Mundi v. Union Sec. Life Ins. Co.</u>, 555 F.3 1042, 1044 (9th Cir. 2009)), the sentence on which plaintiff relies simply makes clear that the parties have the right to seek preliminary injunctive relief prior to arbitration and award. The sentence says nothing about a change of venue for such requests: there is no reference to courts of competent jurisdiction or any other judicial venue, and the Court would have to add language to the agreement in order to authorize recourse to a judicial forum. Even if there were an ambiguity regarding whether the agreement to arbitrate encompasses requests for preliminary relief, the presumption in favor of arbitrability applies. <u>Granite Rock Co. v. Int'l Bhd. of Teamsters</u>, 561 U.S. 287, 301 (2010). "[A]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." <u>Goldman, Sachs & Co. v. City of Reno</u>, 747 F.3 733, 742 (9th Cir. 2014) (quoting <u>AT&T Techs.</u>, 475 U.S. at 650). As discussed above, the arbitration clause at issue here is susceptible to an interpretation that preliminary injunctive relief.

For all of the foregoing reasons, defendant's motion to compel arbitration (Dkt. # 23) is GRANTED. The above-captioned matter is hereby DISMISSED for lack of subject matter jurisdiction.

Dated this 18th day of June, 2019.

*[signature: Robert S. Lasnik]*

Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL - 3